UNITED STATES DISTRICT COURT                ECF CASE

SOUTHERN DISTRICT OF NEW YORK               08 CV 5691 (PAC)

| | |
|---|---|
| ALPHA OIL INTERNATIONAL (H.K.),<br><br>                     Plaintiff,<br>        - against -<br><br>IN SUNG CORPORATION and SE JIN REEFER CO.,<br>                     Defendants. | VERIFIED AMENDED COMPLAINT IN ADMIRALTY |

Plaintiff, by its attorneys, Cichanowicz Callan Keane Vengrow & Textor, LLP, for its complaint, alleges on information and belief:

1. The jurisdiction of this Court is based upon the admiralty and maritime nature of the claims within the meaning of 28 U.S.C. 1333(1). These are admiralty or maritime claims within the meaning of F.R.Civ.P. 9(h).

2. Plaintiff is a corporation organized and existing under the laws of Hong Kong with its office and principal place of business in Hong Kong. Plaintiff carries on business as a seller or supplier of bunkers to ships and vessels.

3. Defendants are Korean corporations with offices and principal places of business in Seoul, South Korea.

    (a) Defendant, IN SUNG CORPORATION, owns or operates various ships or vessels;

    (b) Defendant, SEIJIN REEFER CO., carries on various maritime related businesses including brokerage for supplying bunkers to various vessels.

4. Defendants were the purchasers, buyers, receivers, billing parties, and otherwise obligated in respect of various quantities of ships' bunkers sold to them by plaintiff and supplied to their ships ("Bunkers").

5. Pursuant to the respective purchase/sales agreements between plaintiff and defendants, the Bunkers were properly and timely delivered, but defendants have failed to pay the agreed upon purchase prices and other amounts due under the agreements.

6. As a result there is now due and owing to plaintiff:

 (a) $90,974.04 from defendant, IN SUNG CORPORATION, comprising;

  (i) $19,313.97 for Bunkers for the MV "IN SUNG NO. 1" supplied at Port Bluff in New Zealand in December of 2007 under plaintiff's invoice no. AH7-404.

  (ii) $2,184.33 for contractual late payment interest due on item (i).

  (iii) $32,597.18 in contractual interest for the year 2007 for late payment of invoices for Bunkers as itemized in Schedule A-1 attached. And

  (iv) $36,878.59 in contractual interest for the year 2006 for late payment of invoices for Bunkers as itemized in Schedule A-2 to A-3 attached.

  Except as alleged in para. 6(a)(i – ii) above, the principal amounts of the invoices set out in the Schedules at A-1 to A-3 attached have been paid by defendant, INSUNG CORPORATION., leaving only the undue contractual interest.

 (b) $227,328.05 from defendant, SE JIN REEFER CO., comprising;

    (i)    $40,320.00 for Bunkers for the MV "501 Chance" supplied at Callao on December 2, 2003 under plaintiff's invoice no. AH3-336.

    (ii)    $28,488.41 for Bunkers for the MV "15 MS" supplied at Montevideo on December 20, 2003 under plaintiff's invoice no. AH3-364." And

    (iii)    $158,520.24 in contractual interest for late payment of invoices for Bunkers supplied to various ships or vessels owned or operated by defendant, SE JIN REEFER CO., the details of which are itemized at Schedule A-3 and A-4 attached. Except as alleged in para. 6(b)(i – ii) above, the principal amounts of those invoices have been paid by defendant, SE JIN REEFER CO., leaving only the undue contractual interest.

7.    No part of the foregoing has been paid although duly demanded.  The most recent demands were made as follows:

    (a)    To defendant, INSUNG CORPORATION, in March, April and May of this year; and

    (b)    To defendant, SE JIN REEFER CO., in December of 2007 and April and May of this year.

8.    Plaintiff sues on theories of breach of contract and account stated.

9.    All conditions precedent have been performed or have occurred.

10. By agreement between the parties, in any successful action brought by plaintiff for recovery of amounts due it, plaintiff shall also recover its attorneys' fees, costs and disbursements.

11. Plaintiff's good faith estimate of its claims against defendants (including costs, disbursements, attorneys' fees, and interest) is:

    (a)     $135,000.00 against defendant, IN SUNG CORPORATION; and

    (b)     $341,000.00 against defendant, SE JIN REEFER CO.

WHEREFORE, Plaintiff prays:

(a) That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction issue against the defendant, citing it to appear and answer under oath all and singular the matters alleged;

(b) That since the defendants cannot be found within the district pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court grant an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules attaching all tangible or intangible property in whatever form or any other funds held by any garnishees to be named in the process up to the amount of:

    (i)     $135,000.00 for defendant, IN SUNG CORPORATION; and

    (ii)     $341,000.00 for defendant, SE JIN REEFER CO.

those being plaintiff's good faith estimates of the principal amounts, prejudgment interest, attorneys' fees, costs and disbursements sued for, to secure the plaintiff's claim, and that all persons claming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged; and

4

(c)     That plaintiff have judgment for the amount of its claims together with interest plus the costs and disbursements of this action.

Dated: New York, NY, July 10, 2008

                                       CICHANOWICZ, CALLAN, KEANE,

                                       VENGROW & TEXTOR, LLP
                                       Attorneys for Plaintiff


                                       By: /s/ ____Joseph De May, Jr._____
                                       Joseph De May, Jr. [JD-9105]
                                       61 Broadway, Suite 3000
                                       New York, New York 10006-2802
                                       (212)344-7042

## VERIFICATION

The undersigned, Pil Jae, Lee, verifies under 28 U.S.C. 1746(1) that the following statement is true and correct under the penalty of perjury under the laws of the United States of America:

1. I am the president of ALPHA OIL INTERNATIONAL (H.K.), plaintiff in the above captioned matter. I have read the foregoing complaint and know the contents thereof and the same is true to my own knowledge, except as to matters therein stated upon information and belief and as to those matters I believe it to be true.

2. The reason I make this verification is that ALPHA OIL INTERNATIONAL (H.K.) is a corporation and I am its president.

3. The sources of my information and the grounds for my belief as to all matters not stated in the amended complaint to be on alleged on my own personal knowledge are reports made to me by employees and the records of the corporation.

Dated: New York, New York

July 11, 2008

_____
Pil Jae, Lee