UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ECF CASE

08 CV 5691 (PAC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07·23·08

---

ALPHA OIL INTERNATIONAL (H.K.),

                        Plaintiff,

            - against -

IN SUNG CORPORATION and SE JIN
REEFER CO.,

                        Defendants.

---

EX PARTE ORDER FOR PROCESS OF
MARITIME ATTACHMENT AND
GARNISHMENT

WHEREAS, on June 23, 2008. Plaintiff filed a **Verified Complaint** herein for damages against one or more of the defendants, amounting in the aggregate to $318,302.09, which, together with interest, costs and contractual attorneys' fees, plaintiff estimates to be **$476,000.00**, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

WHEREAS, on July 17, 2008. Plaintiff filed a **Verified Amended Complaint** herein setting forth in greater detail its claims for damages against one or more of the defendants, also amounting in the aggregate to $318,302.09, which, together with interest, costs and contractual attorneys' fees, plaintiff estimates to be **$476,000.00**,  and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

WHEREAS, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the property of the Defendant within the District of this Court; and

WHEREAS, the Court has reviewed the Verified Amended Complaint and the supporting declaration, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

ORDERED, that Process of Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B shall issue against all tangible or intangible property (including without limitation credits, letters of credit, bills of lading, debts, effects, monies, electronic transfers, freights, sub-freights, charter hire, sub-charter hire or any other funds or property) belonging to, due or being transferred to, from or for the benefit of the following defendants, including but not limited to such property as may be held, received or transferred in the name of defendants or either of them, or as may be held, received or transferred for its or their benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishee(s) to be named on whom a copy of the Process of Maritime Attachment and Garnishment may be served, as follows:

1.  Defendant, **IN SUNG CORPORATION**, in an amount up to and including the amount of **$135,000.00**, and

2.  Defendant, **SE JIN REEFER CO.**, in an amount up to and including the amount of **$341,000.00**,

those amounts being good faith estimates of plaintiff's claims including interests, costs, and reasonable attorneys' fees, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

2

ORDERED, that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

ORDERED, that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

ORDERED, that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including email, to each garnishee; and it is further

ORDERED, that service on any garnishee as described above is deemed effective continuous service throughout that day from the time of such service through the opening of the garnishee's business the next business day; and it is further

ORDERED, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D-E) each garnishee may consent, in writing, to accept service by any other means; and it is further

ORDERED, that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated:        New York, New York, July 2̲3̲, 2008

_____
U.S.D.J.